IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

GSS OPERATIONS, LLC,

*Plaintiff,*

v.

M/Y FRANCINE, HER ENGINES, TACKLE, APPURTENANCES etc., <u>in rem</u>, PISSARO PROPERTIES, LTD., <u>in personam</u>,

*Defendants.*

Civil Action No. CV407-051

## ORDER

The M/Y FRANCINE, through its attorney, has reported that the parties have reached a settlement agreement in the above-referenced case and are presently preparing the final settlement documents. Attached as Exhibit "A" is a copy of the Settlement Agreement Memorandum.

Pursuant to the terms of the Settlement Agreement Memorandum, the Clerk of Court is hereby ordered to disburse all funds held in the Court's registry related to this case to Brennan, Harris & Rominger LLP. Rule 67, Federal Rules of Civil Procedure; 28 U.S.C. § 2042.

SO ORDERED, this 19th day of June, 2007.

_____
Magistrate Judge, United States District Court
Southern District of Georgia

Order prepared by:
T. Langston Bass, Jr.
**BRENNAN, HARRIS & ROMINGER LLP**
P.O. Box 2784
Savannah, Georgia 31402
(912) 233-3399

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

GSS OPERATIONS, LLC,

    *Plaintiff,*

v.

M/Y FRANCINE, HER ENGINES,
TACKLE, APPURTENANCES etc., in
rem, PISSARO PROPERTIES, LTD.,
In personam,

    *Defendants.*

*Civil Action No.* CV407-051

## SETTLEMENT AGREEMENT MEMORANDUM

NOW COME the parties to this case, with the exception of the in personam owner (Pissaro Properties, who has not been served), and enter into this settlement agreement as follows:

1.     The M/Y FRANCINE agrees to pay $240,000.00 to Plaintiff from its own funds BY WIRE ON 14 JUNE 2007 *[initials]*, for the satisfaction of all claims or causes of action made by the Plaintiff or all claims or causes of action that the Plaintiff holds or all claims or causes of action that the Plaintiff could or may assert against the Defendants. All of the funds contained in the court's registry shall be returned to T. Langston Bass, Jr.' trust account as soon as the Court signs an order authorizing the transfer.

2.     The parties agree that T. Langston Bass, Jr. will hold $50,000.00 in his trust account (hereinafter referred to as "paint funds"). These paint funds will be held in Brennan, Harris & Rominger's trust account until all paint issues have been resolved to the vessel's satisfaction. Upon the completion of the painting to the

**EXHIBIT A**

vessel's satisfaction or resolution of the paint issues to the vessel's satisfaction, T. Langston Bass, Jr. will disburse the paint funds to the Plaintiff. These paint funds will be held until December 31, 2007 at the latest (unless the Plaintiff is in the process of working on the vessel at the end of calendar year 2007, as described in paragraph no. 6, below). If the vessel does not present herself to the Plaintiff, at any appropriate yard in the southeastern United States prior to January 1, 2008, 50% of said paint funds will be disbursed to the Plaintiff in satisfaction of all of the vessel's paint claims. The M/Y FRANCINE will retain the remaining 50% of these paint funds.

3. In exchange for the payment of the funds, as described in paragraph no. 1, above, the Plaintiff will sign a full release with indemnification language; with language stating that the payments, as a recited above, constitute a reasonable equivalent value in exchange for the release and dismissal of the lawsuit; and with language in the form of a contractor's affidavit dissolving any mechanic's lien. Said release will be presented to the vessel in exchange for the funds paid as referenced in paragraph no. 1, above. Further, the Plaintiff warrants that there are no mechanic's liens presently on the vessel and there are no liens that mechanics or subcontractors can or will place against the vessel.

4. Plaintiff will dismiss the case with prejudice upon payment of the funds, as described in paragraph no. 1, above. The M/Y FRANCINE will dismiss her counterclaim upon payment of the funds, as described in paragraph no. 1, above.

5. Upon payment of funds to the Plaintiff, as described in paragraph no. 1, above,

Plaintiff will authorize the clerk of court to disburse all funds held in the court's registry to Brennan, Harris & Rominger's trust account. T. Langston Bass, Jr. will retain the paint funds, as described above in paragraph no. 2, pending the completion of the paint or the completion of the time period, as described above.

6. If the vessel presents herself to the Plaintiff at the Plaintiff's yard or at any other acceptable yard in the southeastern United States prior to January 1, 2008, the Plaintiff must complete the paint work within a reasonable amount of time and to the vessel's satisfaction prior to the disbursement of the paint funds to the Plaintiff. If the Plaintiff is in the process of completing the paint work at the end of calendar year 2007, the Plaintiff shall have a reasonable amount of time beyond the expiration of the calendar year to complete said paint work.

7. The individuals who are signing this Settlement Agreement Memorandum, below, have the authority to bind the parties they represent and do so intend to bind them to this agreement. This agreement cannot be changed orally.

This 14th day of June, 2007.

_____
Frank Bomberger
Project Manager
GSS Operations, LLC

_____
Ged Rodda
M/Y FRANCINE

Page 3 of 3